J. Todd Key, OSB 190694
todd@gl-lg.com
Green Light Law Group, P.C.
4614 SW Kelly Avenue, Suite 300
Portland, Oregon 97239
Telephone: (503) 488-5424
Facsimile: (503) 296-5889
Attorney for Plaintiff

UNITED STATES DISTICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HALO LABORATORIES, LLC, an Arizona limited liability company,<br><br>  Plaintiff,<br>  vs.<br><br>UXTRACT, LLC, a Colorado limited liability company; COREY GAINES, an individual; JAMES TINDALL, an individual; AUKAI KING, an individual; and AZK, LLC, an Oregon limited liability company,<br><br>  Defendants. | Civil No. _____<br><br>COMPLAINT<br><br>Securities Fraud pursuant to [15 U.S.C. 78j, Sec. 10(b)] and 17 FCR Section 240.10b-5, ORS Chapter 55 – Violations of Oregon Securities Act, Common Law Fraud, Breach of Contract, and Injunctive Relief<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFF Halo Laboratories, LLC, by and through its attorney of record, J. Todd Key, and complain of Defendants and allege as follows:

///

///

///

Page 1 - COMPLAINT

## A. JURISDICTION

1. The Court has federal subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331 as this is a case arising under the laws of the United States, *i.e.*, 15 U.S.C. 78j [Sec. 10(b)] and 17 FCR Sec. 240.10b-5.

2. The Court has supplemental jurisdiction over the balance of the claims pursuant to 28 U.S. Sec. 1367, as these state claims stem from the same nucleus of facts as the federal securities fraud claim.

3. This Court also has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 as the parties, plaintiff and defendant, are resident citizens of different states and the amount in controversy exceeds $75,000.

4. This Court has jurisdiction over defendants because each defendant is either an entity that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts within this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## B. PARTIES

6. HALO Laboratories, LLC ("Halo") is a limited liability corporation organized under the laws of Wyoming with its principal place of business located in Arizona.

7. UXTract, LLC ("UXTract") is a limited liability corporation organized under the laws of Colorado with is principal place of business located at 11060 SW Bellevue Highway, Amity, Oregon 97101.

8.      Corey Gaines ("Gaines") is an individual who is domiciled in Oregon. Upon information and belief, Gaines resides at 745 S.W. Gilson St., McMinnville, Oregon 97128.

9.      James Tindall ("Tindall") is an individual who is domiciled in Colorado. Upon information and belief, Tindall resides at 25257 County Road 55.9, Trinidad, Colorado 81082.

10.     Aukai King ("King") is an individual who is domiciled in Oregon.

11.     AZK, LLC ("AZK") is a limited liability corporation organized under the laws of Oregon with its principal place of business located at 11060 SW Bellevue Highway, Amity, Oregon 97101.

## C. SUMMARY

12.     This matter involves a fraudulent scheme perpetrated by Gaines, Tindall, AZK and King and the company they control UXTract. In order to fund an unlicensed marijuana extraction enterprise in the State of Oregon, the Defendants solicited Plaintiff to purchase securities by falsely representing that they intended to build out a CBD extraction facility in Oregon and that UXTract would not be involved in recreational marijuana processing in any way. After purchasing shares in UXTract based upon Defendants' misrepresentations, Plaintiff discovered that his investment was secured through Gaines', Tindall's, and King's misrepresentations. Among the many falsehoods asserted by the Defendants, Plaintiff learned that the Defendants are contractually obligated to obtain biomass with an illegally high percentage of THC, the active ingredient of marijuana, from plants grown by AZK and King. By engaging in this conduct, Defendants have violated and are continuing to violate Section 10(b) of the Exchange Act, 15 U.S.C. Section 78j(b), and Rule 10b-5 thereunder as well as ORS Section 59.135 et seq. These actions also constitute fraud and breach of contract under Oregon law.

## D. STATEMENT OF FACTS

13.   Halo invests in businesses that extract and sell cannabidiol ("CBD") derived from hemp plants. Hemp plants contain less than 0.3% of tetrahydrocannanbinol ("THC"), the psychoactive component of marijuana.

14.   In or around March 2019, Gaines met with David Vindici ("Vindici") to discuss a potential investment by Halo in UXTract. Gaines and Tindall represented that UXTract was a CBD extraction business that was near completion.  UXTract was to engage in the business of sourcing raw hemp biomass, cultivated and harvested under the authority of the 2018 Farm Bill, and processing that biomass into a final CBD product. UXTract had agreed to a lease with AZK and King to conduct the business on King's property in Amity, Oregon. Although Gaines and Tindall did disclose the existence of the lease at that time, the terms of the lease were not discussed.

15.   In exchange for securities in UXTract to be granted to Halo, Gaines and Tindall requested from Halo a total investment of $200,000.00. Gaines and Tindall represented to Halo that the buildout of the CBD extraction facility would be complete by April 2019, and that once complete the facility could process about 4,000 pounds of hemp biomass per day. Gaines and Tindall also represented that the majority of the CBD extraction equipment had already been purchased and was ready to go once the buildout of the facility was complete.

16.   Gaines and Tindall represented that UXTract did not have a recreational marijuana production license issued by the OLCC and would not engage in the business of growing, processing or selling any product that contained over 0.3% THC, which is the legal limit for hemp. Halo repeatedly informed Defendants that would not invest any funds into any venture involving the production or processing of THC.

17.     Based upon these initial misrepresentations, the parties agreed to an initial investment of $100,000.00 and Halo executed a Letter of Intent ("LOI") with Gaines, Tindall and UXTract on May 22, 2019. Halo subsequently invested a total of $50,000.00.  In exchange for Halo's investment, Defendants Gaines and Tindall issued Halo a certificate for 330,000 shares in UXTract.

18.     After taking numerous trips to Oregon to inspect the facility and discuss plans for UXTract, Halo began to uncover facts that Gaines, Tindall, AZK and King misrepresented and/or omitted at the time Halo agreed to purchase securities.

19.     First, Halo discovered that Gaines and Tindall dissolved the corporate entity for UXTract in the State of Oregon, and instead domesticated a Colorado UXTract entity and issued shares of that company to Halo.

20.     Next, Halo discovered that despite their representations that the extraction equipment had already been purchased, Defendants Gaines and Tindall had no functioning extraction equipment.  Instead, they used Halo's investment funds to purchase new CBD extraction equipment.

21.     Halo also discovered numerous misrepresentations regarding UXTract's lease with AZK and King. Pursuant to the terms of the lease between UXTract and King, UXTract was to pay a monthly lease payment of $1,000 plus $1.50 per pound of hemp processed at the facility per month. Because the facility's capacity was 4,000 pounds per day, the monthly lease payment could exceed $180,000.00. Additionally, one-quarter of the material processed at the facility muse be provided by King's farm under Yamhill County Zoning Regulations. Under this arrangement King exacts total control over how much material UXTract can process.

22. Finally, King provided samples of the strains of hemp grown on his farm to Halo, and upon testing those samples yielded an amount of THC in excess of the 0.3% threshold. Upon information and belief, Halo believes that Defendants intend to extract this THC from the hemp plants and sell it into the black market.

## E. CLAIMS FOR RELIEF

### CLAIM 1

### FEDERAL SECURITIES FRAUD

### (15 U.S.C. 78j [Sec. 10(b)] and 17 FCR Sec. 240.10b-5)

23. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 22 above.

24. Defendants UXTract, Gaines, Tindall, AZK and King, (collectively, the "Fraud Defendants") by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

    a.    employed devices, schemes, or artifices to defraud;

    b.    made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c.    engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

25. By engaging in the conduct described above, the Fraud Defendants violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. 5 78j(b), and Rule l0b-5 thereunder, 17 C.F.R. 5 240.10b-5.

### CLAIM 2

## OREGON SECURITIES FRAUD

### (ORS 59.135 et seq.)

26. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25 above.

27. The material representations of material facts and the scheme utilized by the Fraud Defendants in the sale of shares of stock in UXTract to Plaintiff were false and/or fraudulent and made with the intent to defraud Plaintiff or in reckless disregard of whether said representations and schemes were true or false or fraudulent.

28. In reliance upon the material misrepresentations and/or fraudulent schemes of the Fraud Defendants, Halo has been damaged at set forth herein.

## CLAIM 3

### FRAUD

29. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 28 above.

30. The Fraud Defendants made misrepresentations alleged herein and committed the fraudulent schemes knowingly and with the intent that Plaintiff would rely upon them and enter into the LOI to purchase shares in UXTract.

31. Halo justifiably relied upon these misrepresentations to its detriment and was damaged as set forth herein.

32. The Fraud Defendants' intentional misrepresentations and fraudulent schemes amount to fraud under Oregon law and such wanton misconduct and deliberate disregard of the rights of Halo in order to benefit themselves warrants the imposition of substantial punitive damages in an amount not to exceed twice the amount of Plaintiff's actual damages.

## CLAIM 4

**BREACH OF CONTRACT**

33. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 32 above.

34. Plaintiff entered a contract with Gaines, Tindall and UXTract in the form of a LOI.

35. The actions alleged herein constitute a material breach of the contract. As a result of the breach, Halo has been damaged as set forth herein. Halo seeks to rescind the contract and obtain recovery of its investment in UXTract.

**CLAIM 5**

**INJUNCTIVE RELIEF**

36. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 35 above.

37. Halo will be irreparably harmed unless the Court grants injunctive relief to prevent UXTract from accepting any hemp biomass that exceeds the legally-permitted level of THC content and enjoins UXTract from using its facility to extract THC from any provided biomass.

**CLAIM 6**

**CORPORATE VEIL PEIRCING AND ALTER EGO: AZK and King**

38. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 above.

39. King owns and operates AZK, which is a mere instrumentality of King. Under the doctrine of alter ego, King is responsible for any business entity organized and controlled in such a manner as to make them merely an agency, instrumentality, or alter ego of King.

40. King disregards the corporate formalities and separateness of the legal entity of AZK. King organized AZK, operates out of the same address as AZK, upon information and belief shares bank accounts and commingles personal funds with AZK, and controls all aspects of the day-to-day operations of AZK. At all times relevant to this lawsuit, AZK is the alter-ego of King.

WHEREFORE, Plaintiff pray for judgment as follows:

1. For judgment against all defendants, jointly and several in excess of $75,000 for actual damages, consequential damages, and/or for rescission of the agreements and restitution in the same amount;

2. For punitive damages in amount at least twice the amount of judgment in this case;

3. For Plaintiff's reasonable attorney fees and costs incurred herein;

4. For other further relief as the Court deems equitable and just.

DATED this 3rd day of October 2019.

**GREEN LIGHT LAW GROUP, P.C.**

By: /s/ *J. Todd Key*
J. Todd Key, OSB 190694
todd@gl-lg.com
Green Light Law Group, P.C.
4614 SW Kelly Avenue, Suite 300
Portland, Oregon 97239
Telephone: (503) 488-5424
Facsimile: (503) 296-5889
Attorney for Plaintiff

Page 9 - COMPLAINT